**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIEL ROJAS GARCIA, | |
| Plaintiff, | 2:10-cv-01670-GMN-RJJ |
| vs. | **ORDER** |
| BARACK OBAMA, | |
| Defendant. | |

This is styled as a prisoner civil action. Plaintiff has failed to comply with the court's order to submit an application to proceed *in forma pauperis* on the required form or pay the filing fee. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. Even in the absence of an application to proceed *in forma pauperis*, the court must dismiss the complaint with prejudice as factually frivolous. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

1  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
2  Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
3  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
4  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
5  infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual
6  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever
7  v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate
8  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are
9  judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).
10 When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the
11 complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint
12 that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106
13 (9th Cir. 1995).

14 **II. Instant Complaint**

15        Plaintiff, who is detained at Airpark Unit Correctional Center in Big Spring, Texas, has
16 sued United States President Barack Obama. Plaintiff's complaint is impossible to decipher; the
17 document consists of single-spaced, typewritten, nonsensical legalese, for example: "'Good faith' alone
18 assures, pro se, a decision, no refused filing, transfer to other court, appeals, postal service and rates, no
19 copy machine restrict, no, discriminate against any individual, his compensation, terms, conditions,
20 privilege of such individual's race, color, religion, sex, or national origin, employee . . . the review rights
21 for all of the each, victims, public hearing by a Justice Honorable Samuel A. Alito, Jr. By jury of receipt.
22 . . .". Instead of filing an application to proceed *in forma pauperis* in accordance with the court's order,
23 plaintiff filed a "supplement" to the complaint (docket #3) that is as indecipherable as the complaint.
24        Accordingly, lack of an application to proceed *in forma pauperis* notwithstanding, the
25 court finds that plaintiff's allegations are fantastic, delusional and irrational. This complaint must be
26 dismissed with prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies

cannot be cured by amendment.

### III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 9th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge